HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MADIHA MINER,

    Plaintiff,

v.

ISSAQUAH POLICE DEPARTMENT,

    Defendant.

Case No.19-cv-00823-RAJ

**ORDER DISMISSING ACTION**

## I.    INTRODUCTION

Before the Court is *pro se* Plaintiff Madiha Miner's amended complaint. Dkt. #, 25. The Court also considers all other outstanding motions in this case. Dkt. ## 9, 10, 11, 12, 13, 14, 18, 20, 21, 23, 24, 26, 28, 29, 32, 33, 34, 35, 36.

## II.    BACKGROUND

Despite the many dozens of filings made in this matter, the Court has great difficulty determining the exact nature, scope, and details of Ms. Miner's claims. She brings this *in forma pauperis* (IFP) action against the Issaquah Police Department for discrimination and malicious harassment, but many of her allegations have no connection whatsoever to the Issaquah Police Department's activities. Dkt. ## 6, 25. For example, Miner alleges that her internet was cyber hacked following a call from the Social Security Administration. Dkt. # 25 at 2. She alleges that she was discriminated against by the King County Housing Authority due to increases in her rent. *Id.* She also alleges that her family is under surveillance by the Federal Bureau of Investigation and that this District is biased toward

ORDER – 1

her, in part, because most of her cases were consolidated before Judge Robart. *Id.* at 4. She makes similar allegations against other state and federal entities throughout her complaint.

As for sparse allegations against the Issaquah Police Department, Miner claims that her son was approached by an officer while he worked on his car and asked to show identification. *Id.* at 3. In a separate incident, an officer with Issaquah Police Department approached her son's friend and asked who owned the vehicle. *Id.* Lastly, Ms. Miner claims that her son was racially profiled in Renton after assaulting an individual who had taken pictures of him and his friends. *Id.*

### III. DISCUSSION

#### A. IFP Complaint

Section 1915(e)(2)(B) of Title 28 authorizes a district court to dismiss an IFP complaint "at any time" if the court determines: (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners."). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

An IFP complaint must also comply with the pleading requirements of Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(1)(2). Although Rule 8's pleading standard does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Ms. Miner's amended complaint only brings a claim against the Issaquah Police

ORDER – 2

Department. Her allegations against this entity are entirely conclusory and thus fail to raise a "right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. Even construing all allegations in the light most favorable to Miner and giving due deference to her *pro se* status, the complaint fails to "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). As such, the Court dismisses her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(2).

**B.     Plaintiff's Outstanding Motions**

Ms. Miner has filed numerous motions in this matter, many of which are frivolous, incomprehensible, or not within the authority of this Court. These include, among others, (1) motions for move her cases to the U.S. Supreme Court and the Washington Supreme Court, (2) motions to cease and desist the federal government from withholding her mail and cyber hacking her cable and internet, (3) motions to cease and desist Judge Robart and other court staff from "responding to all her cases," (4) and motions to reopen cases due to evidence tampering. *See* Dkt. # 9, 11, 12, 13, 14, 20, 23, 24, 28, 29, 32, 33, 34, 35, 36. These filings are largely indecipherable, contain little more than vague allusions and accusations, and do not require or deserve further attention by this Court. Therefore, the Court **STRIKES** these motions. Furthermore, several of Plaintiff's motions are moot given the Court's ruling on her Complaint. These include her motion regarding service of summons, her motion for judgment, and her motion for default judgment. *See* Dkt. ## 10, 18, 26. Accordingly, the Court **DENIES** these motions.

The last outstanding motion is Plaintiff's motion to appoint counsel. Dkt. # 21. Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

When determining whether "exceptional circumstances" exist, a court must

ORDER – 3

consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate [her] claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). A plaintiff must plead facts that show she has an insufficient grasp of her case or the legal issue involved and an inadequate ability to articulate the factual basis of her claim. *Agyeman*, 390 F.3d at 1103. Although most parties would benefit from representation by an attorney, that is not the standard for appointment of counsel in a civil case. *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), overruled on other grounds, 154 F. 3d 952 (9th Cir. 1998) (finding that a *pro se* litigant may be better served with the assistance of counsel is not the test). A plaintiff must show exceptional circumstances.

The Court finds that no exceptional circumstances warrant the appointment of counsel in this matter. As an initial matter, Miner has not provided any compelling evidence or allegations to suggest her case is likely to succeed on the merits. Moreover, she has not shown an inability to articulate her claims in light of the complexity of the legal issues involved. Rather, Miner simply fails to allege any facts to support her claim that she is being harassed because of her race, color, religion, ancestry, national origin, gender, sexual orientation, or mental, physical, or sensory handicap. Therefore, the Court does not find appointing counsel appropriate in this matter.

### C. Leave to Amend

When a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend unless "it is absolutely clear" that amendment could not cure the defects in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Thus, the court grants Ms. Miner fourteen (14) days to file an amended complaint that properly addresses the pleading deficiencies identified herein and any other pleading deficiencies. If she fails to timely comply with this order or fails to file an amended complaint that remedies the afore mentioned deficiencies, the Court will dismiss her complaint without leave to amend.

ORDER – 4

## IV. CONCLUSION

For the reasons stated above, the Court **DISMISSES** Plaintiff's Amended Complaint. Dkt. # 25. The Court further **DENIES** Plaintiff's motion to appoint counsel, her motion regarding service of summons, her motion for judgment, and her motion for default judgment. Dkt. ## 10, 18, 21, 26. All other motions are stricken. Dkt. # 9, 11, 12, 13, 14, 20, 23, 24, 28, 29, 32, 33, 34, 35, 36.

Plaintiff has fourteen (14) days to file an amended complaint that properly addresses the pleading deficiencies identified herein.

DATED this 29th day of July, 2019.

The Honorable Richard A. Jones
United States District Judge

ORDER – 5